AMENDED COMPLAINT

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

RECEIVED
U.S. DISTRICT COURT
2020 SEP 30 A 9:32

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 3 0 2020
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

CASE NO. 4:20-cv-00903-KGB-JTK

Jury Trial: ☒ Yes ☐ No
(Check One)

I. Parties

In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: Kenneth Dorn
ADC # 169545

Address: _____

Name of plaintiff: _____
ADC # _____

Address: _____

Name of plaintiff: _____
ADC # _____

Address: _____

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: Director Dexter Payne
Position: Director of Division of Corrections
Place of employment: Arkansas Division of Corrections
Address: 6818 Princeton Pike Dr Pine Bluff

Name of defendant: Assistant Director William Straughn
Position: Assistant Director of Division of Corrections

-4-

Place of employment: Arkansas Divison of Corrections
Address: 6818 Princeton Pike Dr Pine Bluff, AR 71611
Name of defendant: Warden Jared Byers
Position: Correctional Warden at ADC Maximum Security Unit
Place of employment: ADC Maximum Security Unit
Address: 2501 State Farm Rd, Tucker AR 72168
Name of defendant: Deputy Warden Cludia Harris
Position: Deputy Correctional Warden at ADC Maximum Security Unit
Place of employment: ADC Maximum Security Unit
Address: 2501 State Farm Rd, Tucker AR 72168

II.  Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☒ both official and personal capacity

III. Previous lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

   Yes ___   No ☒

   B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   ☐ Parties to the previous lawsuit:

   Plaintiffs: _____

   _____

   Defendants: _____

   _____

-5-

Name of Defendant: Raymond Naylor
Position: Disciplinary Hearing Administrator
Place of Employment: Arkansas Department Correction
Address: Central office P.O. Box 8707, Pine Bluff, AR

Name of Defendant: Keith Waddle
Position: Disciplinary Hearing officer
Place of Employment: Arkansas Department Correction
Address: Central office P.O. Box 8707

Name of Defendant: Lieutenant Richard Clark
Position: Correctional Lieutenant
Place of Employment: Arkansas Department Correction   Maximum Security Unit
Address: 2501 State Farm Rd, Tucker, AR

Name of Defendant: Corpral Jonnie Barton
Position: Correctional officer            Maximum Security Unit
Place of Employment: Arkansas Department Correction
Address: 2501 State Farm Rd, Tucker, AR

☐    Court (if federal court, name the district; if state court, name the county):

_____

☐    Docket Number: _____

☐    Name of judge to whom case was assigned: _____

☐    Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

☐    Approximate date of filing lawsuit: _____

☐    Approximate date of disposition: _____

IV.   Place of present confinement: <u>ADC - Maximum Security Unit / Arkansas Department of Correction</u>

V.   At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

__X__ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

_____

VI.   The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

   A.   Did you file a grievance or grievances presenting the facts set forth in this complaint?

       Yes __X__   No ____   (See Exhibbit A-1 to 3)

   B.   Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes _X_   No ___

If not, why? _____

_____

VII.   Statement of claim

State here (as briefly as possible) the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

① ON 7-30-20 at appoximatlly 5:20 pm Cpl. Jonnie Burton and Cpl. Quintin Wood (Not Defendant) escorted me to the shower in full hand cuffs and shakles once I entered the shower Cpl. Jonnie Burton pulled me out the shower and slammed me on my head and put his knee in my back without reason or warning. Once being brought back to my feet I was escorted to east Isolation and planced on behavior control for 3 days to whitch I had no clothes, no hygine products or property. Lieutenant Richard Clark signed off on the behavior control and Deputy Warden Cludia Harris Authorized it being the weekhend duty warden. Thus subjecting me to cruel and unusual punishment and excessive use of force

-7-

⑦ On 8-4-20 the Planitiff was severed a major disciplinary alleging that he violated three department rules 12-3 Failure to obey orders, 05-3 Assault and 02-21 resisting apprehension. The Planitiff requested several wittness to be called and the Video Footage from Barracks where the event described in paragraph 2 accored to be utilised as documentary evidence all to whitch was deined. Subquently was found guilty as charged by Defendant Keith Waddle whom was the Disciplinary hearing officer and sentencing the punishment of 24 days punitive Isolation and 60 days loss of commissary, phone and visitation privliges thus deining the Plaintiff procedural and substaintal due process and all forms of due process. The Plaintiff appeal the major disciplinary findings to Warden Jared Byers, Raymond Naylor and Director Dextor Payne whom all affirmed the finding and practices of the proceeding in the disiplinary hearing. The Plaintiff also filed a grievance and Jared Byers and Assistant Director William Straughn whom both deined the marits of his excessive force claim stating disciplenary matters are not grivable.

⑧ Due to all the reason herein the Plaintiff finds that with regards to his excessive force claim Defendant Jonnie Barton has violated his 8th amendement Right to be free from cruel and unusal punnishment.

4) Defendants Richard Clark and Deputy Warden Cludia Harris has violated the Plaintiffs 14th amendement and 8th amendment in regards to deinal of due process and cual and unuseal punnishment for placeing him in a stripped cell with no clothes for 3 days

5) Defendants Keith Waddle, Jared Byers, Raymond Naylor, William Straughn and Dexter Payne has violated the plaintiffs 14th anendnent rights by allowing a corrupt disciplanary system to be upheld

VIII. Relief

<u>State briefly exactly what you want the court to do for you.</u>  Make no legal arguments.  Cite no cases or statutes.

The Plaintiff Request that this Hornorable court grants the Plaintiff releif in a Declaration stating the disciplinary proceeding Policies and proceeding are UNconsititanal. Punitive Damages against Defendant Jonnie Burton Compensory damages against the defendants as a whole and an injuction to prevent the future use of these Puralies.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 28 day of September, 20 20.

Kenneth Dorn #169545

_____

Signature(s) of plaintiff(s)

IGTT430
3GD

Attachment VI

INMATE NAME: Dorn, Kenneth D.  ADC #: 169545  GRIEVANCE#:MX-20-01459

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

On 8/3/20, you stated the following complaint: "I Kenneth Dorn #169545 am writing this grievance on Cpl. Barton in regards to excessive use of force for the following reason. On 7-30-20 I Kenneth Dorn was being escorted to the shower in 7bks by Cpl. Barton and Cpl. Woods upon arrival to the shower Cpl. Barton began to become very hostile with me and as I had my back away from him so he could take the leg restraints off of me Cpl. Barton grabbed me out the shower, picked me up and slammed me face first on the ground all while I was fully confined in leg irons and hand cuffs. Therefore I find that Cpl. Barton is in violation of AD 17-06 use of force policy and has subjected me to cruel and unusual punishment whitch is a violation of my 8th amendment right. I fear for my life around Cpl. Barton and I am seeking a staff-inmate separation to be put in place, camera footage from 7bks be reviewed and a investigation be started. (I write this grievance in fear of my life and of any form of retaliation by Cpl. Barton)."

The Warden responded to your grievance on 9/2/20 by stating the following: "Disciplinary Matters are non-grievable. Therefore, I find your grievance without merit."

Your appeal was received on 9/14/20. After review of your appeal and supporting documentation, I find that this grievance should have been rejected at the unit level as being a disciplinary matter; therefore I will not address the merit of your appeal.

Director _____  Date 9-16-20

( Exhibbit A-1 )

E/5

IGTT410  
3GS

Attachment III

INMATE NAME: Dorn, Kenneth D.         ADC #: 169545A         GRIEVANCE #: MX-20-01459

## WARDEN/CENTER SUPERVISOR'S DECISION

I have reviewed your complaint. You state the following:"I Kenneth Dorn #169545 am writing this grievance on Cpl. Barton in regards to excessive use of force for the following reason. On 7-30-20 I Kenneth Dorn was being escorted to the shower in 7bks by Cpl. Barton and Cpl. Woods upon arrival to the shower Cpl. Barton began to become very hostile with me and as I had my back away from him so he could take the leg restraints off of me Cpl. Barton grabbed me out the shower, picked me up and slammed me face first on the ground all while I was fully confined in leg irons and hand cuffs. Therefore I find that Cpl. Barton is in violation of AD 17-06 use of force policy and has subjected me to cruel and unusual punishment whitch is a violation of my 8th amendment right. I fear for my life around Cpl. Barton and I am seeking a staff-inmate separation to be put in place, camera footage from 7bks be reviewed and a investigation be started. (I write this grievance in fear of my life and of any form of retaliation by Cpl. Barton). "

Disciplinary Matters are non-grievable. Therefore, I find your grievance without merit.

_____  
Signature of Warden/Supervisor or Designee

Title: Warden

Date: 9/2/2020

---

**INMATE'S APPEAL**

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Chief Deputy/Deputy/Assistant Director along with the Unit Level Grievance Form. Keep in mind that you are appealing the decision to the original grievance. Do not list additional issues, which are not part of your original grievance as they will not be addressed. Your appeal statement is limited to what you write in the space provided below.

WHY DO YOU DISAGREE WITH THE ABOVE RESPONSE? I have not grieved a disciplinary matter I clearly stated I am grieving excessive use of force thus grivable per AD 19-34. Per AD 17-06 use of force is never to be utilized as a punishment so per policy it cannot be a disciplinary matter. Cpl. Barton violated AD 17-06 pg 3 of 7 sec B whitch states force by staff should be directly related to the force used by an inmate. I was not utilizing any force or resitence towards Cpl. Barton thus this force was excessive and should of not been deemed Authorized. Therefore the Warden has erred in his findings

Inmate Signature: Kenneth Dorn

ADC#: 169545

Date: 9-3-20

( Exhibbit A-2 )

RECEIVED  
SEP 1 4 2020  
INMATE GRIEVANCES SUPERVISOR  
ADMINISTRATION BUILDING

IGTT410                              Page 1 of 1

**UNIT LEVEL GRIEVANCE FORM** (Attachment I)

Unit/Center: Tucker MAX

Name: Kenneth Dorn

ADC# 169545   Brks # E-16   Job Assignment: _____

RECEIVED SEP 1 4 2020 INMATE GRIEVANCES SUPERVISOR ADMINISTRATION BUILDING

FOR OFFICE USE ONLY
GRV. # MX-20-01459
Date Received: 8-5-20
GRV. Code #: 800

8-3-20 (Date) STEP ONE: Informal Resolution

8-4-20 (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: This is Not true I was picked up in red air and slamed face down in full Restraints

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

Is this Grievance concerning Medical or Mental Health Services? No   If yes, circle one: medical or mental

**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected. (Please Print): I Kenneth Dorn #169545 am writing this grievance on Cpl. Barton in regards to excessive use of force for the following reason. On 7-30-20 I Kenneth Dorn was being escorted to the shower in 7Brks by Cpl. Barton and Cpl Woods. Upon arrival to the shower Cpl. Barton began to become very hostil with me and as I had my Back away from him so he could take the leg restaints off of me Cpl. Barton grabbed me out the shower, picked me up and slamed me face first on the ground all while I was fully confined in leg irons and handcuffs. Therefore I find that Cpl. Barton is in violation of AD 17-06 use of force policy and has subjected me to cruel and unusual punishment which is a violation of my 8th amendment right. I fear for my life around Cpl. Barton and I am seeking a staff-Inmate seperation to be put in place, Camera footage from 7Brks be reveiwed and a investagation be started. (I write this grievance in fear of my life and of any form of retailation by Cpl. Barton.)

Kenneth Dorn         8-3-20
Inmate Signature     Date

*If you are harmed, threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

**THIS SECTION TO BE FILLED OUT BY STAFF ONLY**

This form was received on 8-3-2020 (date), and determined to be **Step One** and/or an Emergency Grievance No (Yes or No). This form was forwarded to medical or mental health? No (Yes or No). If yes, name of the person in that department receiving this form: _____   Date: _____

J. Smith         93665         J Smith         8-3-2020
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received

Describe action taken to resolve complaint, including dates: by policy we use only enough force to regain control of the situation

[signature] 8/3/20                    Kenneth Dorn 8-4-20
Staff Signature & Date Returned       Inmate Signature & Date Received

This form was received on 8-5-20 (date), pursuant to **Step Two**. Is it an Emergency? No (Yes or No).
Staff Who Received Step Two Grievance: Sgt Ramirez   Date: 8-5-20
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: 8-5-20
If forwarded, provide name of person receiving this form: _____   Date: _____

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

(Exhibit A-3)   ADCF-15