**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

KENNETH DORN,                                                                    PLAINTIFF
ADC #169545

4:20CV00903-KGB-JTK

WENDY KELLEY, et al.                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such A hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before

1

The District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Kenneth Dorn is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Division of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983, alleging excessive force, and violations of due process with respect to his placement in behavioral control and a subsequent disciplinary hearing and conviction. (Doc. No. 1) On October 1, 2020, this Court issued a Partial Recommendation that the due process disciplinary allegations against Defendants Waddle, Byers, Naylor, Payne, and Straughn be dismissed, and that Defendants Kelley, Minor, Bannister, McCoy, and Scott also be dismissed. (Doc. No. 8)

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. No. 23), to which Defendants responded (Doc. No. 24), and on the Motion to Dismiss filed by Defendants Clark and Harris (Doc. No. 17). Plaintiff filed a Response to Defendants' Motion (Doc. No. 21).

2

## II.      Motion for Injunctive Relief

Plaintiff asks the Court to order Defendants to stop interfering with his outgoing correspondence with the Court. In support, he states he sent legal mail out on November 6, 2020, but the mailroom did not send it out until November 17, 2020, one day after the deadline for his response. He claims his case is at risk of injury, and attaches a copy of a withdrawal request form where he requested legal postage to mail an item to this Court. (Doc. No. 23, p. 4)

Defendants deny that they interfered with Plaintiff's mail and state Plaintiff is unlikely to prevail on the merits because there is no evidence that the mail was not sent to the Court. Plaintiff filed both a motion for extension of time on November 19, 2020, and this Motion on November 25, 2020. In addition, Defendants note that the inmate withdrawal request for postage was received by the mail room on November 17, 2020, and appears to have been immediately mailed as the Court received two pleadings from Plaintiff on November 19, 2020. (Doc. Nos. 20, 21) Defendants state Plaintiff can show no threat of immediate harm because on November 19, 2020, the Court provided Plaintiff an extension of time in which to respond to the Motion to Dismiss; therefore, Plaintiff did not miss any deadlines and can show no injury to support a denial of access to the courts claim. See Lewis v. Casey, 518 U.S. 343, 355 (1996).

In considering whether to grant injunctive relief, the Court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). No single factor is dispositive, but the movant must establish a threat of irreparable harm. Id.   Without a finding of irreparable injury, a preliminary

injunction should not be issued.  Randolph v. Rodgers, 170 F.3d 850, 856 (8th Cir. 1999).  "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).  The Court in Goff also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration....[T]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.'" Id. at 520-21 (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Having reviewed Plaintiff's Motion and Defendants' Response, the Court finds Plaintiff provides no evidence of a threat of irreparable harm, or of the likelihood of success on the merits, to support a hearing under Dataphase.  He provides no evidence that Defendants delayed his request for funds for mailing, and no evidence that he suffered harm from the alleged late filing. Therefore, in light of the Dataphase considerations, and the standard set forth in Goff v. Harper, the Court finds that Plaintiff has not alleged sufficient facts to require a hearing under Dataphase, and that his Motion should be denied.

## III.   Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967)), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

Defendants ask the Court to dismiss Plaintiff's Eighth Amendment and due process claims against them based on their placement of him in behavioral control after Plaintiff failed to obey, assaulted, and resisted apprehension by two correctional officers. They also ask that his monetary claims against them in their official capacities be dismissed based on sovereign immunity and that his injunctive relief claims be dismissed.

In response, Plaintiff denies Defendants' statements that he failed to obey, assaulted, and resisted apprehension, as he has not yet been convicted of those actions, and that Defendants violated his rights by placing him on behavioral control.

Initially, the Court notes that state officials are not subject to a § 1983 lawsuit for money damages when they are sued in their official capacities, because they are not considered "persons" within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment also bars damages claims against state officials sued in their official capacities. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).

In addition, Plaintiff's Eighth Amendment allegations based on his placement on behavioral control for three days without clothes, property, or hygiene items should be dismissed. To support this claim, Plaintiff must allege conduct which deprived him of the "minimal civilized measure of life's necessities" and defendants' conduct "must also reflect a subjective

state of mind evincing deliberate indifference to the health or safety of the prisoner." <u>Revels v. Vincenz</u>, 382 F.3d 870, 875 (8th Cir. 2004) "'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety....'" <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-9 (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). Furthermore, "'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" <u>Smith v. Coughlin</u>, 748 F.2d 783, 787 (2d Cir. 1984) (quoting <u>Jackson v. Meachum</u>, 699 F.2d 578, 581 (1st Cir. 1983).

In <u>O'Leary v. Iowa State Men's Reformatory</u>, the court found no Eighth Amendment violation where inmates were placed in cells for several days without underwear, blankets, mattress, exercise or visits. 79 F.3d 82, 83-84 (8th Cir. 1996) Similar other conditions allegations also have been held not to support an Eighth Amendment claim. <u>See</u> <u>Scott v. Watson</u>, No. 5:15CV00194-JM-JTK, 2016 WL 7799649, at *7–8 (E.D. Ark. Dec. 13, 2016), <u>report and recommendation adopted</u>, No. 5:15CV00194-JM-JTK, 2017 WL 187157 (E.D. Ark. Jan. 17, 2017), <u>aff'd</u>, 707 F. App'x 424 (8th Cir. 2017) ( this Court found that an inmate held in behavior control for 72 hours with only a pair of boxers, and no sheets, socks or jump suit was not deprived of "minimal civilized measure of life's necessities"); <u>Johnson v. Clemmons</u>, No. 2:11CV00055 DPM/HDY, 2011 WL 2292046, at *2 (E.D. Ark. Apr. 22, 2011), <u>report and recommendation adopted</u>, No. 2:11-CV-55-DPM, 2011 WL 2292316 (E.D. Ark. June 9, 2011) (the court found no constitutional violation and dismissed the inmate's complaint where he spent eight days in behavior control with only one pair of underwear and blanket.) Finally, in <u>Williams v. Delo</u>, an inmate who was placed in a strip cell without clothes, mattress, water or hygiene items for four days was not denied the minimal civilized measure of life's necessities. 49 F.3d 442, 445 (8th Cir.

1995). **I**n light of this case law, the Court finds Defendants' Motion should be granted with respect to the Eighth Amendment claim.

Plaintiff also claims that his placement in behavioral control violated his due process rights. In <u>Sandin v. Connor</u>, 515 U.S. 472, 484 (1995), the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>.   Following <u>Sandin</u>, the Eighth Circuit Court of Appeals held in <u>Kennedy v. Blankenship</u>, that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" 100 F.3d 640, 642 (1996). In addition, a demotion to administrative segregation/behavioral control status for three days with only one pair of boxers and no sheets, socks or jumpsuit, did not amount to a constitutional violation in <u>Scott v. Watson</u>, No. 5:15CV00194-JM-JTK, 2016 WL 7799649, at *8 (E.D. Ark. Dec. 13, 2016).   In light of this case law, the Court finds that Plaintiff's due process claims against Defendants Clark and Harris also should be dismissed, for failure to state a claim.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Motion for Preliminary Injunction (Doc. No. 23) be DENIED.

2.      The Motion to Dismiss filed by Defendants Clark and Harris (Doc. No. 17) be

GRANTED, and they be DISMISSED.

IT IS SO ORDERED this 17th day of December, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

8