# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

KENNETH DORN,                                                                                    PLAINTIFF
ADC #169545

v.                                          4:20CV00903-KGB-JTK

WENDY KELLEY, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff Kenneth Dorn ("Plaintiff") is incarcerated at the Maximum Security Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued multiple ADC officials alleging excessive force and due process violations.[1] (Doc. No. 2).

Defendants Barton, Byers, Naylor, Payne, Straughn, and Waddle (collectively, "Defendants") now have filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the merits of Plaintiff's claims. (Doc. Nos. 62-64, 66). Plaintiff has responded. (Doc. No. 70). After careful consideration, and for the reasons set out below, the Court recommends Defendants' Motion be granted.

---

[1] Plaintiff's claims against Defendants Wendy Kelley, Justine Minor, Terri Bannister, Dana McCoy, LaSonya Scott, Claudia Harris, and Richard Clark have been dismissed. (Doc. Nos. 28, 60).

## II. Plaintiff's Complaint

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 6 at 1-3). (Id.). According to Plaintiff, on July 30, 2020, Defendants Barton and another officer—not a party to this action—escorted Plaintiff to the shower in full hand cuffs and shackles. (Id. at 5). Once Plaintiff entered the shower, Defendant Barton allegedly pulled Plaintiff out, "slammed [Plaintiff] on his head, and put his knee in [Plaintiff's] back" for no reason and without warning. (Id.). Plaintiff claims the use of force violated his Eighth Amendment rights. (Id. at 6).

On August 4, 2020, Defendant Waddle found Plaintiff guilty of major disciplinary violations and sentenced to 24 days of punitive isolation and 60 days loss of commissary, telephone, and commissary privileges. (Id. at 6). Plaintiff appealed the disciplinary conviction; Defendants Byers, Naylor, and Payne affirmed the conviction. (Doc. No. 6 at 6). Plaintiff also filed a grievance about the alleged excessive force. (Id.). Defendants Byers and Straughn found the matter to be a non-grievable disciplinary issue. (Id.). Plaintiff maintains Defendants Waddle, Byers, Naylor, Straughn, and Payne violated his due process rights. (Id. at 7).

Plaintiff seeks declaratory, monetary, and injunctive relief. (Id. at ).

## III. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Analysis

For the reasons set out below, the Court recommends Defendants' Motion be granted.

### A.    Official Capacity Claims

As mentioned above, Plaintiff sued Defendants in their personal and official capacities. Plaintiff's § 1983 damages claims against Defendants in their official capacities are the equivalent of claims against the State of Arkansas and are barred by Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff concedes that his damages claims against Defendants in their official capacity are barred. (Doc. No. 70 at 5). Summary judgment should be entered in Defendants' favor on Plaintiff's official capacity damages claims.

### B. Personal Capacity Claims

Plaintiff claims excessive force and due process violations. Each is addressed separately below.

#### 1. Excessive Force

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017). The core judicial inquiry in an excessive force claim is whether the force was used in a "good faith effort to maintain or restore discipline, or was instead used maliciously and sadistically to cause harm." Flemons v. Devane, 779 Fed. Appx. 423, 425 (8th Cir. 2019) (per curiam) (citing Wilkins v. Gaddy, 559 U.S. 34, 36-39 (2010)). In making this inquiry, courts consider: "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted . . . ." Jackson, 866 F.3d at 974. Pain inflicted during a prison security measure is not cruel and unusual punishment only because in hindsight the degree of force used for security purposes was unreasonable. Ward v. Smith, 844 F.3d 717, 721 (8th Cir. 2016) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Rather, guards will liable only "if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically.'" Id. (internal citation omitted). "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in the light of the particular circumstances." Story v. Norwood, 659 F.3d 680, 686 (8th Cir. 2011) (quoting Graham v. Connor, 490 U.S. 386, 396-97 (1989)).

Defendant Barton argues he used force to regain control of Plaintiff.

As Plaintiff testified at his deposition, on July 30, 2020, Officer Woods[2]—not a party to this action—was outside of Plaintiff's cell and asked Plaintiff if he wanted to shower. (Doc. No. 62-1 at 26:14-27:5; 27:22-28:5). Plaintiff said he would shower. Officer Woods opened Plaintiff's trap to handcuff Plaintiff. (Id. at 28:8-9). Defendant Barton opened Plaintiff's cell door and put leg irons on Plaintiff. (Id. at 28:10-12). Officer Woods begins walking with Plaintiff when Defendant Barton also took Plaintiff's arm. Plaintiff "look[ed] at [Defendant Barton] and [said] hey man, you don't got to hold my arms so tight like that . . . ." (Id. at 28:13-16). Plaintiff and Defendant Barton then "exchanged some words." (Id. at 28:16; 31:5-15).

Plaintiff testified he and Defendant Barton "had animosity before this incident." (Id. at 31:20-21; 36:8-41:5). Plaintiff also testified that part of the reason for the exchange of words was that Defendant Barton did not close Plaintiff's cell door. (Doc. No. 62-1 at 32:18-33:21).

Plaintiff maintains he made no threats to Defendant Barton at any time on the day of the incident. (Id. at 42:19-43:8; 61:3-62:4). Plaintiff also testified that he did not attempt to slip his cuffs when he got in the shower. (Id. at 47:9-48:19). Plaintiff did acknowledge that he attempted to jerk away from Defendant Barton at the time Defendant Barton grabbed Plaintiff's arm and squeezed it hard. (Id. at 43:9-15). According to Plaintiff, once Plaintiff was in the shower Defendant Barton lifted him up a couple of inches and then slammed him to the ground for no reason. (Id. at 49:7-50:8). As a result of the incident Plaintiff suffered from small, non-bleeding scratches to his right hand. (Doc. No. 62-6 at 5). Plaintiff absolutely denied that Defendant Barton used force to gain control in a situation in which Defendant Barton believed Plaintiff was trying to slip the cuffs. (Doc. No. 62-1 at 56:12-57:10).

---

[2] Plaintiff explained Officer Woods was not involved in the incident other than trying to pick Plaintiff up and de-escalate the situation. (Doc. No. 62-1 at 35:13-23).

Defendant Barton submitted his declaration in support of Defendants' Motion for Summary Judgment. (Doc. No. 62-4). According to Defendant Barton, almost immediately after Plaintiff was placed in restraints to be escorted to the shower, Plaintiff "began to speak in an aggressive and combative tone" to Defendant Barton. (Id. at ¶ 4). As Plaintiff, Defendant Wood, and Defendant Barton began to walk to the shower, Plaintiff purportedly threatened to spit in Defendant Barton's face. (Id. at ¶ 5). Plaintiff also tried to yank his arm away from Defendant Barton. (Id. at ¶ 6). Defendant Barton maintains that as they reached the door to the shower area, he noticed that Plaintiff "was attempting to slip his right hand from the hand restraints." (Id. at ¶ 7). Defendant Barton ordered Plaintiff to stop, but Plaintiff did not comply with the request. (Id. at ¶¶ 8-9). In an effort to gain control of Plaintiff and tighten the restraints, Officer Woods and Defendant Barton took Plaintiff to the ground and adjusted Plaintiff's hand restraints. (Doc. No. 62-4 at ¶¶ 10-11).

Defendants also submitted the declaration of Officer Quintin Woods in support of their Motion. (Doc. No. 62-5). Officer Woods also testified that almost as soon as Plaintiff was put in restraints, Plaintiff began to speak in an aggressive and combative tone towards Defendant Barton, and while walking to the shower tried to yank his arm away from Defendant Barton. (Id. at ¶¶ 4, 5). As they reached the door to the shower area, Officer Woods noticed Plaintiff's "right hand coming out of the restraints while he was attempting to jerk away from" Defendant Barton. (Id. at ¶ 6). Plaintiff did not comply with Defendant Barton's direct order to stop trying to slip the cuffs, so in an effort to regain control of Plaintiff, Officer Woods and Defendant Barton took Plaintiff to the ground and adjusted the restraints. (Id. at ¶¶ 6-10).

An internal affairs division investigation found the amount of force used was within prison policy.  (Doc. No. 62-6).  Plaintiff was found guilty of major disciplinary violations in connection with the incident and appealed the conviction, to no avail.  (Doc. Nos. 62-7, 62-8).

Defendants submitted video footage of the incident in support of their Motion.  (Doc. Nos. 62-2, 62-3, 66).  The video reflects the moment when Plaintiff exchanged words with Defendant Barton after Plaintiff left his cell on the way to the shower.  (Doc. No. 66, Front View Footage at 17:35:11-16; Back View Footage at 17:35:11-16).  There is no sound, so it is impossible to determine what anyone was saying.  It is also impossible to see what happened once Plaintiff entered the door to the shower.

The video does depict Officer Woods and Defendant Barton exiting the shower area with Plaintiff while in the process—which took several seconds—of taking Plaintiff to the ground. (Id., Back View Footage at 17:36:20).  This is in direct conflict with Plaintiff's testimony.  Plaintiff testified that Officer Woods was present at the shower, but that Defendant Barton "grabs [Plaintiff] from behind, pulls [him] out of the shower and slams [him] on the floor, [and] puts his . . . knee on [Plaintiff's] back."  (Doc. No. 62-1 at 28:25-29:2).  The video also reflects that Plaintiff's legs were on the ground first, followed by Plaintiff's upper body, which was being supported by Officer Woods and Defendant Barton.  (Doc. No. 66, Back View Footage at 17:36:20-23).  This contradicts the allegations in Plaintiff's complaint that Defendant Barton slammed Plaintiff's head in the floor, and contradicts Plaintiff's deposition testimony that his should hit the ground first.  (Doc. No. 62-1 at 49:22-50:3).  The video also contradicts the declarations of Charles Smith, Jr. and Robert Allen, submitted by Plaintiff in support of his Response to Defendants' Motion for Summary Judgment; both Mr. Smith and Mr. Allen said Defendant Barton picked Plaintiff up and slammed him to the ground.  (Doc. No. 70 at 12-14).

Plaintiff disputes that he threatened to spit in Defendant Barton's face and that he attempted to slip the cuffs. (Doc. No. 70). Even so, the video footage simply does not support Plaintiff's claim that Defendant Barton used excessive force against him. The video does not depict Defendant Barton slamming Plaintiff to the floor, but shows Officer Woods together with Defendant Barton taking Plaintiff out of the shower room and to the ground while supporting Plaintiff's upper body. That is consistent with the description of the incident that Defendant Barton provided in the disciplinary proceedings and consistent with Officer Woods's declaration. (Doc. No. 62-8 at 1, 2; Doc. No. 62-5). There is no evidence that Defendant Barton acted maliciously and sadistically. Under these circumstances, I find no constitutional violation occurred. Further, if there was a violation, over Plaintiff's argument I find Defendant Barton entitled to qualified immunity. (Doc. No. 70 at 6). Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).

### 2. Due Process Violations

Plaintiff alleges Defendants Waddle, Byers, Naylor, Straughn, and Payne violated his due process rights. The safeguards of the due process clause are triggered when a protected liberty interest is at issue. Sandin v. Conner, 515 U.S. 472, 484 (1995); Phillips v. Norris, 320 F.3d 844, 846-47 (8th Cir. 2003). The due process clause applies only when prison officials impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 48.

#### a. Disciplinary Conviction

As a result of the July 30, 2020 incident, Plaintiff claims he was falsely charged with major disciplinary violations and Defendant Waddle found him guilty. Plaintiff was sentenced to 24

days in punitive isolation, his commissary, phone, and visitation privileges were restricted for 60 days, and his classification was reduced to Class IV. (Doc. No. 62-8 at 3).

Plaintiff's sentence to 24 days in punitive isolation is not an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065-66 (8th Cir. 2002); Finney v. Hutto, 410 F. Supp. 251, 278 (E.D. Ark. 1976), aff'd, 548 F.2d 740 (8th Cir. 1977), aff'd, 437 U.S. 678 (1978); Kennedy v. Blankenship, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996). Further, Plaintiff's reduction in his good time classification level and his loss commissary, phone, and visitation privileges for 60 days do not rise to the level of atypical and significant hardship. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (class level); Phillips, 320 F.3d at 847; Kennedy, 100 F.3d 640, 642-43, n.2. Plaintiff has not established a protected liberty interest. As such, the Court recommends summary judgment be entered in Defendants' favor on Plaintiff's claims that Defendants Waddle, Byers, Naylor, Straughn, and Payne violated Plaintiff's due process rights through the disciplinary proceedings.

Plaintiff's allegations also call into play a false disciplinary claim. But Plaintiff did not allege retaliation in his Amended Complaint. (Doc. No. 6). Without more, Plaintiff's false disciplinary claim fails. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

The August 3, 2020 grievance attached to Plaintiff's Amended Complaint reflects that Plaintiff feared retaliation by Defendant Barton. (Doc. No. 6 at 9). On August 4, Plaintiff was served with a major disciplinary. (Id. at 6). Construing Plaintiff's Amended Complaint as raising retaliation does not save Plaintiff's false disciplinary claim—the conviction was supported by some evidence in the form of Defendant Barton's report containing his first-hand personal knowledge of the events. Hartsfield v. Nichols, 511 F.3d 826, 829-31 (8th Cir. 2008). To the

extent Plaintiff made a false disciplinary claim, summary judgment in Defendants' favor on that claim is appropriate.

### b.      Grievance Procedure

Plaintiff complains that Defendants Byers and Straughn violated Plaintiff's due process rights by denying Plaintiff's grievance against Defendant Barton as a non-grievable disciplinary matter. (Doc. No. 6 at 6). Because Plaintiff does not have a liberty interest in the prison's grievance procedure, Defendants are entitled to summary judgment on this claim. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Where, as here, Defendants have moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted). Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude partial summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, Defendants' Motion should be granted.

### V.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendants' Motion for Summary Judgment (Doc. No. 62) be GRANTED;

2.      Plaintiff's Complaint, as amended (Doc. No. 6), be DISMISSED with prejudice.

...
...

IT IS SO RECOMMENDED this 4th day of November, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE