IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH DORN,**  **PLAINTIFF**
**ADC #169545**

v.   Case No.  4:20-cv-00903-KGB-JTK

**WENDY KELLEY,** *et al.*   **DEFENDANTS**

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 71).  Plaintiff Kenneth Dorn filed objections to the Proposed Findings and Recommendations (Dkt. Nos. 72, 73).  After reviewing the Proposed Findings and Recommendations, Mr. Dorn's objections, and the record *de novo*, the Court adopts, in part, and rejects, in part, the Proposed Findings and Recommendations and requests further consideration by Judge Kearney with respect to a recommended legal determination (Dkt. No. 71).

Defendants Johnnie Barton, Keith Waddle, Jared Byers, Raymond Naylor, Dexter Payne, and William Straughn filed a motion for summary judgment (Dkt. No. 62).  Mr. Dorn responded (Dkt. No. 70).  The Court adopts the Proposed Findings and Recommendations that Mr. Dorn's official capacity claims for damages against defendants be dismissed and that judgment as a matter of law be entered in favor of defendants on these claims (Dkt. No. 71, at 4).  The Court adopts the Proposed Findings and Recommendations that Mr. Dorn's due process violations, including those related to Mr. Dorn's disciplinary convictions and the grievance procedure, be dismissed and that judgment as a matter of law be entered in favor of defendants on these claims (*Id.*, at 9–11).

At this stage of the proceeding, the Court rejects the Proposed Findings and Recommendations as to Mr. Dorn's excessive force claim and requests further consideration on the issue of qualified immunity as to defendant Mr. Barton (*Id.*, at 5–9).  As relevant to the

excessive force claim, Mr. Dorn alleges in his complaint that, on July 30, 2020, defendant Mr. Barton and another officer–not a party to this action–escorted Mr. Dorn to the shower in full hand cuffs and shackles (Dkt. No. 6, at 5). Once Mr. Dorn entered the shower, he alleges that Mr. Barton pulled out Mr. Dorn, "slammed [Mr. Dorn's] head, and put his knee in [Mr. Dorn's] back" for no reason and without warning (*Id.*). Mr. Dorn claims the use of force violated his Eighth Amendment rights (*Id.*).

There is a video of this incident, which the Court has reviewed. As acknowledged in the Proposed Findings and Recommendations, "[t]here is no sound, so it is impossible to determine what anyone was saying. It is also impossible to see what happened once Plaintiff entered the door to the shower." (Dkt. No. 71, at 8). This Court's job at the summary judgment stage is not to assess credibility or weigh evidence. Instead, it is this Court's obligation to view the record evidence in the light most favorable to Mr. Dorn. Doing so precludes the Court from entering summary judgment in favor of Mr. Barton on this evidentiary record as to Mr. Dorn's excessive force claim. *See, e.g., Munz v. Michael*, 28 F.3d 795, 800 (8th Cir. 1994) (recognizing that not every push or shove violates a prisoner's constitutional rights but determining that, even if Mr. Munz initially created the disturbance and sustained no serious injury, Mr. Munz alleged much more, including that "while he was bound hand and foot, defendants took him into a padded cell and beat him violently," sufficient to create a genuine issue of material fact on the level of force required and used).

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quotation omitted). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry

is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). This inquiry turns on "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted," from which "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321. For these reasons, the Court rejects the recommendation in the Proposed Findings and Recommendations to conclude that there was no constitutional violation as to the excessive force claim (Dkt. No. 71, at 9). Genuine disputed issues of material fact remain as to that claim; summary judgment on the issue of whether there was a constitutional violation is not appropriate.

In the alternative, there also is a recommendation that this Court determine, even if there was an excessive force constitutional violation, that Mr. Barton is entitled to qualified immunity in his individual capacity on this claim (Dkt. No. 71, at 9). The Court requests that Judge Kearney further develop this recommendation for the Court, if appropriate, based on the Court's determination as to the alleged excessive force constitutional violation.

For these reasons, the Court:

1. Adopts the Proposed Findings and Recommendations that Mr. Dorn's official capacity claims for damages against defendants be dismissed and that judgment as a matter of law be entered in favor of defendants on these claims (Dkt. No. 71, at 4).

2. Adopts the Proposed Findings and Recommendations that Mr. Dorn's due process violations, including those related to Mr. Dorn's disciplinary convictions and the

grievance procedure, be dismissed and that judgment as a matter of law be entered in favor of defendants on these claims (Dkt. No. 71, at 9–11).

3. Rejects the Proposed Findings and Recommendations that the Court enter summary judgment in favor of defendant Mr. Barton on Mr. Dorn's excessive force constitutional claim. Further, the Court requests that Judge Kearney further develop the recommendation that Mr. Barton is entitled to qualified immunity in his individual capacity as to Mr. Dorn's excessive force claim, if appropriate, based on the Court's determination as to the alleged excessive force constitutional violation (Dkt. No. 71, at 9).

It is so ordered this 30th day of September, 2022.

Kristine G. Baker
United States District Judge